IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ELLYN E. TREADYWAY**,

**Plaintiff,**

v.

**PREMIER CAR CONNECTION,**

**Defendant.**                                                              No. 12-1108-DRH

MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

On October 17, 2012, Ellyn Treadway filed a civil suit against Premier Car Connection (Doc. 1).  Now before the Court are her motions to proceed without prepaying fees or costs (Doc. 2); appointment of counsel (Doc. 3) and motion for service of process at Government expense (Doc. 4).  Based on the following, the Court denies without prejudice these motions.

By granting a motion for pauper status, a court authorizes a lawsuit to proceed without prepayment of fees.  The Prison Litigation Reform Act ("PLRA"), significantly changed the district court's responsibilities in reviewing *pro se* complaints and *in forma pauperis* motions.  The Seventh Circuit has clarified that the PLRA "changed § 1915 not only for cases brought by prisoners, but in some respect for all indigent litigants." *Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997).  Under the PLRA, the Court must screen any indigent's complaint (those filed by prisoners and non-

prisoners alike) and dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

After reading Treadway's pleadings, the Court finds that she is indigent. She signed a declaration contained in her motion documenting her poverty. However, her motion does not survive § 1915(e)(2) review. At this point the Court cannot determine what are Treadway's claims against Premier Car Connection. Her complaint is "light" on the details as she simply refers to Illinois state statutes and Federal statutes. Her lawsuit appears to be about a car. Thus, the Court denies Treadway's motion to proceed without prepaying fees or costs at this time. Thus, the Court **ALLOWS** Treadway up to and including November 26, 2012 to file an amended complaint detailing facts that state her claims against defendant.

As to Treadway's motion for appointment of counsel, the Court finds that she has not demonstrated under Seventh Circuit standards that she is entitled to appointed counsel at this time. A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). There is no constitutional or statutory right to counsel for a civil litigant, however. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Appointment of counsel lies within the sound discretion of the trial court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to appoint counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321- 22 (7th Cir. 1993)). The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

Based on the pleadings, the Court is unable to determine whether Treadway made a reasonable attempt to obtain counsel. Treadway does not state which lawyers she has contacted. She merely states that she has been unable to find an attorney because "Consumer lawyers who would take my case want 1,000 to start some want 100-150 per hour because of the paperwork and the different issues concerning the case & complaints I've made to this day." The Court notes that there is not a bright line test for compliance with this requirement. For example, calling a law office without having a meaningful discussion about the case does not qualify as an attempt to hire counsel on one's own in this Court's interpretation of the requirement.

Accordingly, the Court **DENIES without prejudice** Treadway's motions (Docs. 2, 3, & 4). She may re-file these motions at a later date, if necessary. The Court **ALLOWS** Treadway up to and including November 26, 2012 to file an amended complaint detailing the facts of her claims. Failure to comply with this Order shall

result in the Court dismissing her case for failure to prosecute.

**IT IS SO ORDERED.**

Signed this 25th day of October, 2012.

Digitally signed by David R. Herndon
Date: 2012.10.25
15:25:09 -05'00'

**Chief Judge**
**United States District Court**