IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ELLYN E. TREADYWAY**,

**Plaintiff,**

**v.**

**PREMIER CAR CONNECTION,**

**Defendant.**                          **No. 12-1108-DRH**

### MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

This matter comes before the Court for case management. On October 25, 2012, the Court directed Treadway to file an amended complaint on or before November 26, 2012 because of the scant allegations in her complaint (Doc. 5). Specifically, the Court found:

> "At this point the Court cannot determine what are Treadway's claims against Premier Car Connection. Her complaint is "light" on the details as she simply refers to Illinois state statutes and Federal statutes. Her lawsuit appears to be about a car."

(Doc. 5, p.2). The Court also informed Treadway of the following: "[f]ailure to comply with this Order shall result in the Court dismissing her case for failure to prosecute." (Doc. 5, ps. 3-4).

As of this date, Treadway has neither filed an amended complaint nor filed an extension of time. Because Treadway is proceeding pro se, the Court will allow her additional time to file the amended complaint. Further, the Court advises Treadway

of the following:

> A party's willful failure to prosecute an action can be an appropriate basis for dismissal. *See, e.g., Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000); *Fed. Election Comm'n v. Al Salvi for Senate Comm.*, 205 F.3d 1015, 1018 (7th Cir. 2000);*Williams v. Chi. Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998). "Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party can not decide for itself when it feels like pressing its action and when it feels like taking a break because „[t]rial judges have a responsibility to litigants to keep their court calendars as current as humanly possible." " *GCIU Employer Ret. Fund v. Chi. Tribune Co.*, 8 F.3d 1195, 1198–99 (7th Cir. 1993)(quoting *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 608 (7th Cir. 1986)). Factors relevant to a court's decision to dismiss for failure to prosecute include the seriousness of the misconduct, the potential for prejudice to the defendant, and the possible merit of the suit. *Bolt*, 227 F.3d at 856; *Kovilic Constr. Co. v. Missbrenner*, 106 F.3d 768, 769–70 (7th Cir. 1997).

*In re Nora*, 417 Fed.Appx. 573, 575 (7th Cir. 2011).

Accordingly, the Court **ALLOWS** Treadway up to and including December 26, 2012 to file an amended complaint. The Court **REITERATES** that the failure to comply with this Order will result in the Court dismissing her case for failure to prosecute.

**IT IS SO ORDERED.**

Signed this 5th day of December, 2012.

David R. Herndon
2012.12.06
08:33:23 -06'00'

**Chief Judge**
**United States District Court**